**CONCERNED CITIZENS OF MARL-
BORO et al., Appellants,**

v.

**John VOLPE, individually and in his official capacity as Secretary of Transportation of the United States, et al.**

**No. 72–1012.**

United States Court of Appeals,
Third Circuit.

Argued March 23, 1972.

Decided April 28, 1972.

Paula Roberts, Ball, Broege, & Fogel, Newark, N. J., for appellants.

Alfred L. Nardelli, Deputy Atty. Gen., Trenton, N. J., for appellee Kohl.

Richard W. Hill, Asst. U. S. Atty., Newark, N. J., for appellee Volpe.

Theodore W. Geiser, Hughes, Mc-Elroy, Connell, Foley & Geiser, Newark, N. J., for appellees Hess Bros., and others.

Before SEITZ, Chief Judge, and ADAMS and HUNTER, Circuit Judges.

OPINION OF THE COURT

SEITZ, Chief Judge.

This is an appeal from an order of the district court denying plaintiffs' application for injunctive relief and dismissing their complaint.

Plaintiffs are Concerned Citizens of Marlboro, Inc. and Sylvia Lauer and Arnold Katz, individually. They filed this action to enjoin defendants John Volpe, United States Secretary of Transportation, and John Kohl, Secretary of Transportation, for the State of New Jersey, from continuing highway construction extending New Jersey Route 18. Defendants Hess Brothers, Inc. and Diversified Road, Bridge & Tunnel Company were granted leave to intervene after the complaint was filed.

The New Jersey Department of Transportation first conceived of the Route 18 extension in early 1960 and notified the Federal Highway Administration of the proposed construction. A public hearing on the plans was held on March 4, 1964. On June 2, 1964 the Bureau of Public Roads approved the road alignment and on August 26 of that year the State received approval of its plans from the Federal Highway Administration. The State was authorized to

proceed with the purchase of the necessary right-of-way. Termed "Stage 1 approval," this authorization made the State eligible for Federal-Aid participation as funds became available once the State had requested "Stage 2 approval." In this case Stage 2 approval committed Federal-Aid funds toward the purchase of the right-of-way. It was not contemplated that federal funds would be committed at any time toward road construction. As found by the district court, Stage 2 approval was given on or about May 25, 1967.

Plaintiffs assert that in the current construction of Route 18 the defendants have failed to comply with certain provisions of both the Federal-Aid Highway Act [FAHA], 23 U.S.C. §§ 101–136, and the National Environmental Policy Act [NEPA], 42 U.S.C. § 4332. Specifically, they allege that the defendants did not: (1) consider noise and air pollution incident to the proposed construction as required by 23 U.S.C. § 109(a); (2) conduct a public hearing to consider the potential environmental impact of the project as required by 23 U.S.C. § 128(a); or (3) undertake the environmental impact study for submission to federal authorities mandated by the NEPA. Plaintiffs requested that the district court enjoin the various defendants from appropriating or spending further federal funds and from performing any further work with regard to the Route 18 extension until the proper authorities had conducted the appropriate public hearings, completed the required environmental studies and otherwise complied with the applicable requirements of both the FAHA and the NEPA. The district court denied plaintiffs' request and dismissed their complaint, concluding that: (1) defendants in fact had complied with all applicable provisions of the FAHA; and (2) the NEPA did not apply retroactively to the Route 18 project. This appeal followed.

■ Plaintiffs first contend that, regardless of the applicability of the NEPA or § 128(a) of the FAHA to the Route 18 construction, § 109(a) of Title 23 was applicable and did require at least limited consideration by the Secretary of Transportation of environmental changes incident to the proposed extension. Section 109(a) was enacted prior to the Secretary's approval of the Route 18 project. It provides that:

"The Secretary shall not approve plans and specifications for proposed projects on any Federal-Aid system if they fail to provide for a facility (1) that will adequately meet the existing and probable future traffic needs and conditions in a manner conducive to safety, durability, and economy of maintenance; [and] (2) that will be designed and constructed in accordance with standards best suited to accomplish the foregoing objectives and to conform to the particular needs of each locality."

Plaintiffs' contention is that the reference in this provision to "safety" mandated that the Secretary not approve the Route 18 construction without considering the extent to which noise and air pollution would increase as a result of that project. At the time § 109 was enacted, however, air and noise pollution were not considerations within its intended scope. To interpret the section as plaintiffs suggest would be unreasonable, especially when it is recognized that Congress amended § 109 in 1970 specifically to add "air, noise and water pollution" as factors to be studied before federal approval could be given to projects thereafter proposed. See P.L. 91–605 (Dec. 31, 1970), 23 U.S.C. § 109(h). Plaintiffs have failed to demonstrate that the Secretary's consideration of the Route 18 project did not conform to the requirements of § 109 applicable when his approval was given. Therefore, we agree with the district court that there was no violation of that section of the FAHA.

■ Plaintiffs next contend that the defendants failed to comply with the public hearing provisions of § 128(a) of Title 23, as construed by Policy & Procedure Memorandum (PPM) 20.8 issued by the Department of Transportation, 23

C.F.R., Part I, App. A. (1972). These provisions were discussed at length in this court's opinion in Wildlife Preserves, Inc. v. Volpe, 443 F.2d 1273 (1971). And, as was there recognized, they do not apply retroactively to projects which received federal design approval prior to passage of either provision. Id. at 1274. The effective date of § 128(a) of the FAHA is August 23, 1968. Id. PPM 20.8 became effective on January 29, 1969. Pennsylvania Environ. Council, Inc. v. Bartlett, 454 F.2d 613 (Filed December 1, 1971). The district court found that final design approval occurred in this case no later than 1967. And the record clearly supports this finding. Therefore, we agree with the trial court's ultimate conclusion that § 128(a) of the FAHA and PPM 20.8 were not here applicable. Obviously, our conclusion implies that we do not agree with plaintiffs' contention that § 128(a) applied regardless of its effective date "since the Route 18 project [was] one with 'ongoing federal involvement' . . . ." As found by the district court:

> "[T]he Federal participation in this State program was limited to the funding of site acquisition and the State's program was approved and Federal money allocated for that purpose long before the State was required by Federal law to consider, and to hold a public hearing to review, the environmental impact of the proposed road on the community."

 Our decision in Wildlife Preserves, Inc. v. Volpe, supra, established that under the circumstances here present federal involvement for purposes of determining the applicability of the FAHA, ended with government approval and the commitment of government funds. The same reasoning controls our disposition of plaintiffs' contention concerning the NEPA. The NEPA applies to "major federal actions significantly affecting the quality of human environment." Plaintiffs maintain that injunctive relief should be granted in view of defendants' failure to comply with provisions of the NEPA conditioning the grant of federal funds toward such "actions" on submission by the proper authorities of a study evaluating the environmental impact of the proposed project. See Pennsylvania Environ. Council v. Bartlett, supra at 626. The effective date of the NEPA, however, is January 1, 1970, and like § 128(a) it does not apply retroactively. Id. at 624. Federal approval for the Route 18 project having occurred before 1970, the NEPA was not here applicable.

The judgment of the district court denying plaintiffs' request for injunctive relief and dismissing their complaint will be affirmed.